**LaMonica Herbst & Maniscalco, LLP**  
3305 Jerusalem Avenue, Suite 201  
Wantagh, New York 11793  
(516) 826-6500  
Adam P. Wofse, Esq.  
Jordan Pilevsky, Esq.

Hearing Date: **October 26, 2011 at 10:00 a.m.**  
Objections Due: **October 19, 2011**

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------------x  
In re:

EAST HARLEM PROPERTY HOLDINGS, LP            Chapter 11  
                                                                              Case No. 11-14368 (JMP)

        Debtor.  
-----------------------------------------------------------------x

### NOTICE OF CHAPTER 11 DEBTOR'S MOTION, PURSUANT TO 11 U.S.C. §§ 541, 542 AND 543, SEEKING THE ENTRY OF AN ORDER DIRECTING HARVEY FISHBEIN, ESQ., AS RECEIVER, AND EH PROPERTY MANAGEMENT, INC. TO TURN OVER ALL BOOKS AND RECORDS RELATED TO THE DEBTOR'S FINANCIAL AFFAIRS <u>TO THE DEBTOR</u>

**PLEASE TAKE NOTICE,** that on **October 26, 2011 at 10:00 a.m.,** or as soon thereafter as counsel may be heard, a hearing (the "Hearing") will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Southern District of New York, located at One Bowling Green, New York, New York, on the Motion (the "Motion") of East Harlem Property Holdings, LP, the debtor and debtor-in-possession (the "Debtor"), by its proposed counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order, pursuant to 11 U.S.C. §§ 541, 542 and 543, directing Harvey Fishbein, Esq. (the "Receiver") and EH Property Management, Inc. (the "Property Manager") to turn over all books, records and documents pertaining to the financial affairs of the Debtor and its assets and liabilities, and granting such other, further and different relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and Rules, state with particularity the grounds therefor, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable James M. Peck, United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, attorneys for the Trustee, Attn: Adam P. Wofse, Esq., **no later than October 19, 2011** as follows: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with Order No. 473), which may be accessed through the internet at the Bankruptcy Court's website at www.nysb.uscourts.gov; and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice other than the announcement of such a adjournment in open Court.

Dated: September 27, 2011
Wantagh, New York

**LaMonica Herbst & Maniscalco, LLP**
Attorneys for the Debtor

By: *s/ Adam P. Wofse*
Adam P. Wofse, Esq.
A Partner of the Firm
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500

**LaMonica Herbst & Maniscalco, LLP**  
3305 Jerusalem Avenue, Suite 201  
Wantagh, New York 11793  
(516) 826-6500  
Adam P. Wofse, Esq.  
Jordan Pilevsky, Esq.

Hearing Date: October 26, 2011 at 10:00 a.m.  
Objections Due: October 19, 2011

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
------------------------------------------------------------x  
In re:

EAST HARLEM PROPERTY HOLDINGS, LP            Chapter 11  
                                                                                            Case No. 11-14368 (JMP)

           Debtors.  
------------------------------------------------------------x

**CHAPTER 11 DEBTOR'S MOTION, PURSUANT TO 11 U.S.C. §§ 541, 542 AND 543, SEEKING THE ENTRY OF AN ORDER DIRECTING HARVEY FISHBEIN, ESQ., AS RECEIVER, AND EH PROPERTY MANAGEMENT, INC. TO TURN OVER ALL BOOKS AND RECORDS RELATED TO THE DEBTOR'S FINANCIAL AFFAIRS TO THE DEBTOR**

      East Harlem Property Holdings, LP, the debtor and debtor-in-possession (the "Debtor"), by its proposed counsel, LaMonica Herbst & Maniscalco, LLP, by this motion seeks the entry of an Order, pursuant to 11 U.S.C. §§ 541, 542 and 543, directing Harvey Fishbein, Esq. (the "Receiver") and EH Property Management, Inc. (the "Property Manager") to turn over all books, records and documents pertaining to the financial affairs of the Debtor and its assets and liabilities, and granting such other, further and different relief as this Court may deem just and proper, respectfully states as follows:

**Preliminary Statement**

      1.     The instant motion (the "Motion") seeks the entry of an Order, pursuant to 11 U.S.C. §§ 541, 542 and 543, directing the Receiver and the Property Manager to turn over all books, records and documents pertaining to the financial affairs of the Debtor and its assets and liabilities within two (2) weeks from the date of the entry of an order in connection therewith

(the "Turnover Date").  As will be demonstrated in more detail herein, the Debtor requires such turnover in order to properly and diligently complete and file its schedules of assets and liabilities and its statement of financial affairs (collectively, the "Schedules and Statements"). Moreover, the aforementioned books and records may contain vital information regarding the membership interest of the Debtor in certain Special Purpose Entities (as defined below) and consequently the true valuation of the Debtor.  Indeed, the Debtor has already filed a motion to extend time to file its Schedules and Statements to thirty (30) days from the Turnover Date.

## Jurisdiction and Venue

2.	This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.	Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.	The basis for the relief requested herein are section 541, 542 and 543 of Title 11 of the United States Code (the "Bankruptcy Code").

## Background

5.	On September 15, 2011 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

6.	The Debtor has continued in the management of its business and the operation of its affairs as a debtor and debtor in possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

7.	Upon information and belief, no request for the appointment of a trustee or examiner has been made in this Chapter 11 case and no statutory committees have been appointed or designated.

8. The Debtor is a limited partnership formed in Delaware on March 13, 2007. The Debtor owns 100% of the limited liability company membership interests in twenty-seven (27) special purpose entities (the "Special Purpose Entities"), which own, in the aggregate, approximately 1,200 residential units and 50 commercial units located within 47 buildings located in New York, New York (the "Real Properties"). The Real Properties are primarily located in an area bounded by 100th Street to the south, 188th Street to the north, Pleasant Avenue to the east and Park Avenue to the west.

9. The Debtor is owned by its partners who consist of (a) East Harlem GP LLC, its general partner, owning a .01% interest (the "GP"), (b) Harlem Housing LLC as a limited partner, owning a 49% interest (the "LP"), and (c) East Harlem Property Investment Ltd, as a limited partner, owning a 50.99 % interest.

### A. The Foreclosure Proceeding

10. On or about September 10, 2009, a foreclosure proceeding was commenced in the Supreme Court of the State of New York, County of New York (the "State Court") known by caption, <u>The Bank of New York Mellon Trust, National Associated f/k/a The Bank of New York Trust Company, National Association, as Trustee for the Morgan Stanley Capital 1, Inc. Commercial Mortgage Pass-through Certificates, Series 2007-IQ14, Acting By and Through Its Special Servicer, Centerline Servicing, Inc. v. DDEH 291 Pleasant LLC et. al.</u>, 602806/09 (the "Foreclosure Action"). The plaintiff (the "Plaintiff") in the Foreclosure Action sought to foreclose on a commercial mortgage it held secured by a single lien against the Real Properties in the amount of approximately $190,000,000.00. Indeed, each of the Special Purpose Entities is listed as named defendants in the Foreclosure Action.

11. At the time of the commencement of the Foreclosure Action, the membership interests in the Debtor were vested in East Harlem Property Investment Limited, a company incorporated in the United Kingdom (the "UK Member"). Further, the Debtor, which was owned solely by the UK Member, was subject to a bankruptcy liquidation pending in the United Kingdom. As a result, the Debtor was controlled by certain joint liquidators in the United Kingdom.

12. By Order dated September 22, 2009, the Receiver was appointed by the State Court to, *inter alia*, collect rents, prosecute all legal proceedings and retain books and records in connection with the Real Properties. At some point thereafter, the Receiver retained the Property Manager to manage the Real Properties.

13. As a result of the Foreclosure Action and the subsequent appointment of the Receiver, the books and records (the "Books and Records") pertaining to the assets (i.e. the Real Properties) that are owned by the Special Purpose Entities, in which the Debtor retains a 100% membership interest in and to, are in the possession and control of the Receiver and/or the Property Manager.

14. By assignment agreements dated February 23, 2011, the UK Member transferred and assigned approximately 50% of the membership interests and all voting rights in the Debtor to its current GP and LP.

15. Shortly thereafter, in or around July 2011, the Debtor, through its GP and LP, requested that the Receiver and/or the Property Manager produce the books and records related to the financial affairs of the Debtor's assets. The Plaintiff contested this request and directed the Receiver to deny the Debtor access to books and records containing information regarding the Debtor's own financial affairs. Such denial made it impossible for the Debtor to fully assess

and reorganize its financial affairs absent the filing of the instant bankruptcy. Since that time no further action, motion practice or scheduling of a sale took place in the Foreclosure Action.

16. Thereafter, the Debtor's alleged secured creditor, LaSalle Bank National Association, a subsidiary of Bank of America, N.A., c/o Bank of America Merrill Lynch, located at 214 North Tryon Street, NC1-027-15-01, Charlotte, NC 20255, the alleged holder of mezzanine loan, in the amount of $27,561,855.83, without any prior notice, scheduled a UCC foreclosure sale of the Debtor's membership interests for mid-September 2011. In order to protect its interests and rights, the Debtor filed the instant bankruptcy case before the sale was scheduled to take place.

17. Upon filing the instant bankruptcy, the Debtor, through counsel, contacted the Receiver and his counsel for the purpose of retrieving the books and records as they relate to the Debtor's assets and liabilities. The Debtor was informed that due to Plaintiff's pre-petition denial, the Receiver would not turn over the books and records unless and until an Order of the Bankruptcy Court was entered directing the Receiver and the Property Manager to comply with such a request. The Receiver further advised the Debtor, through respective counsel, that gathering the requisite information relating to the financial affairs of the Debtor's assets would be an intricate and time consuming process.

18. Accordingly, the Debtor respectfully requests that this Bankruptcy Court enter an order, directing the Receiver and/or the Property Manager to turn over and produce any and all books and records relating to the financial affairs of the Debtor and its assets and liabilities within two (2) weeks from the entry of such an order.

**BASIS FOR THE RELIEF REQUESTED**

19. 11 U.S.C. §541(a)(1) provides that a Debtor's estate is "comprised of all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). "The scope of this section is broad and brings into the estate both tangible and intangible property." In re Borison, LDV, 226 B.R. 779, 785 (Bankr. S.D.N.Y. 1998). This section of the Code has been defined as the "essence of the Code" because it defines what is and what is not property of the estate. See In re Borison, LDV, 226 B.R. at 785. Section 541(a)(3) defines property of the estate as "[a]ny interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553 or 723 of this title". 11 U.S.C. § 541 (a)(3).

20. Under 11 U.S.C. § 543, the custodian "shall deliver to the trustee any property of the debtor held by or transferred to such custodian" and shall "file an accounting of any property of the debtor" See 11 U.S.C. § 543(a)(1) and 11 U.S.C. § 543(a)(2)[1].

21. In the instant case, the books and records relating to the Real Properties is clearly the kind of property which falls within the scope of 11 U.S.C. §541(a)(1). As of the Filing Date, the Debtor had a legal and equitable interest in such documents. Indeed, the Real Properties are the sole assets of the Debtor. Denial of access to information relating to the financial affairs relating to those Real Properties would effectively preclude the Debtor from moving forward with its efforts to reorganize its affairs. In other words, the Debtor would not be afforded its rights under the Bankruptcy Code to effectuate a plan of reorganization.

22. As a result, a turnover of all of the Debtor's books and records which relate to the financial affairs of the Debtor, including the Debtor's assets and liabilities, by the Receiver and/or the Property Manager is warranted.

---

[1] In the unlikely event that the Receiver is not defined as a custodian pursuant to the Bankruptcy Code, the Debtor is still entitled to relief under Section 542 of the Bankruptcy Code.

23. Indeed, simultaneous with the filing of the instant Motion, the Debtor has filed a motion seeking an extension of time within which to file its Schedules and Statements. It is clear that the Debtor cannot be in a position to file its Schedules and Statements unless and until the Receiver and/or Property Manager produces the aforementioned books and records to the Debtor.

24. The Debtor submits that this Motion cites the relevant statutory authority and rules for the relief requested, and that this Motion complies with Local Bankruptcy Rule 9013-1(a). Therefore, no separate memorandum of law is required in connection with this Application.

25. The Debtor has served this Motion by regular mail upon: (a) the Office of United States Trustee; (b) the Receiver and his counsel; (c) the Property Manager; (d) all known creditors of the Debtor; and (e) any party in interest that has served a request for special notice or a notice of appearance pursuant to Rule 2002.

26. No prior application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, for the reasons stated above, the Debtor respectfully requests that the Court enter an order directing the Receiver and/or the Property Manager to turn over and produce any and all books and records relating to the financial affairs of the Debtor and its assets and liabilities within two (2) weeks from the entry of such an order, and grant such other, further and different relief as this Court deems just and proper

Dated: September 27, 2011  **LaMonica Herbst & Maniscalco, LLP**
       Wantagh, New York  Attorneys for the Debtor

By:  *s/ Adam P. Wofse*
     Adam P. Wofse, Esq.
     A Partner of the Firm
     3305 Jerusalem Avenue
     Wantagh, New York 11793
     (516) 826-6500

*M:\Documents\Company\Cases\East Harlem Property Holdings, LP\Turnover Motion\NOM & Motion.doc*