UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

EAST HARLEM PROPERTY HOLDINGS, LP        Chapter 11
                                                                            Case No. 11-14368 (JMP)

                                   Debtor.
----------------------------------------------------------------x

**ORDER AUTHORIZING AND DIRECTING THE EXAMINATION OF, AND THE PRODUCTION AND TURNOVER OF DOCUMENTS BY C-III ASSET MANAGEMENT LLC, BY AND THROUGH ITS ASSET MANAGER, ALLISON EIDSON, PURSUANT TO RULES 2004 AND 9016 OF THE FEDERAL RULES OF <u>BANKRUPTCY PROCEDURE</u>**

Upon the application (the "Application") of East Harlem Property Holdings, LP, the debtor and debtor in possession (the "Debtor"), by its attorneys, LaMonica Herbst & Maniscalco, LLP ("LH&M"), seeking the entry of an Order, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and directing the examination of C-III Asset Management, LLC ("C-III"), by and through its asset manager, Allison Eidson (individually and collectively, the "Witness"), and for the production and turnover of certain books, records, and documents in the possession, custody or control of the Witness, and as more particularly set forth in the Application, and sufficient cause appearing therefor; it is hereby

**ORDERED,** that pursuant to Bankruptcy Rule 2004, the Application is hereby approved and granted; and it is further

**ORDERED,** that pursuant to Rule 9016, the attorneys of LH&M, as officers of the Court, are hereby authorized to issue a subpoena (the "Subpoena") and document demands upon the Witness; and it is further

1

**ORDERED,** that the Witness, is directed to appear at an examination at the offices of LH&M pursuant to Bankruptcy Rule 2004, and in accordance with the Subpoena to be duly served pursuant to this Order; and it is further

**ORDERED,** that C-III, by its Witness, is directed to produce for examination and inspection at the offices of LH&M, within fifteen (15) days of service of the Subpoena, all documents in the Witness' and C-III's custody, possession or control concerning the following:

## DOCUMENT REQUEST

1. Copies of any and all documents concerning any lien or claim asserted by Bank of America, N.A. and/or LaSalle Bank, N.A., against or in connection with the Mezzanine Loan (as defined in the Application), including without limitation, all loan agreements, mortgages, notes, promissory notes, security agreements, amended and restated agreements, contribution agreements, consolidation, modification and extension agreements, addenda, assignments, all written evidence demonstrating delivery of the original note for any assigned note, notices, notices of default or acceleration, loan statements, escrow statements, and accountings and correspondence;

2. Copies of any and all documents relating to the Mezzanine Loan including, but not limited to, closing statements, binders, reports, files, copies of any and all checks (fronts and backs), wire transfers, automatic debits and/or ACH transfers demonstrating any and all loans made by and between Bank of America, N.A. and/or LaSalle Bank, N.A., the Debtor and/or the Senior Lender (as defined in the Application) for the period beginning January 1, 2007 through the present;

3. Copies of any and all documents relating to the sale, disposition, assignment, foreclosure, and administration of the Mezzanine Loan, including but not limited to correspondence, drafts, memoranda, e-mails, unsigned agreements, addenda, reports, analyses and statements for the period beginning January 1, 2007 through the present;

4. Copies of any and all documents relating to any contracts and/or agreements by or between the Debtor, Bank of America, N.A. and/or LaSalle Bank, N.A., the Senior Lender and/or C-III including, but not limited to, correspondence, drafts, memoranda, e-mails, unsigned agreements, addenda, reports, analyses and statements for the period beginning January 1, 2007 through the present; and

5. Copies of any and all documents concerning the Real Properties (as defined in the Application), including without limitation, all deeds, closing statements, applications, appraisals, broker opinion letters, surveys, title reports, tax reports, water charges, judgments, transfer documents, recording documents, endorsements, satisfactions,

releases, certificates of occupancy, violations, foreclosure documents, receiver documents, rents collected, rent roll, security deposits, mortgage payments, accountings and correspondence.

and it is further

**ORDERED,** that service of a copy of this Order and the Subpoena upon the Witness at 5221 N. O'Connor Blvd., Suite 600, Irving, Texas 75039, or such other address as the Debtor may discover, certified mail, return receipt requested, at least fifteen (15) days prior to the date specified for the production of documents and twenty (20) days prior to the date set for the deposition shall be deemed good and sufficient notice and service of this Order and Subpoena; and it is further

**ORDERED,** that the examination shall continue from day to day until it is completed; and it is further

**ORDERED,** that the Debtor may take such actions and execute such documents in accordance with the terms and conditions of this Order.

Dated: New York, New York
      October 28, 2011

                                                *s/ James M. Peck*
                                                Honorable James M. Peck
                                                United States Bankruptcy Judge